# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

JAMES MURTAGH, M.D.,     )
    )
    Plaintiff,     )
    )
v.     )
    )   Docket no. 2:12-cv-00160-NT
ST. MARY'S REGIONAL HEALTH     )
CENTER, ST. MARY'S HEALTH     )
SYSTEM, IRA SHAPIRO, M.D. and     )
JOHN DOE 1 through 10 and JANE     )
DOE 1 through 10,     )
    )
    Defendants.     )

## ORDER ON MOTION TO BIFURCATE

This case comes before the Court on St. Mary's Regional Health Center, St. Mary's Heath System, and Ira Shapiro, M.D.'s ("**Defendants**") motion under Federal Rule of Civil Procedure 42(b) to bifurcate this case (ECF No. 55). For the reasons discussed below, the Defendants' motion to bifurcate is **DENIED**.

## BACKGROUND

Murtagh was employed as a *locum tenens* physician at Defendant St. Mary's Regional Health Center (the "**Hospital**") from April 12, 2010 through May 12, 2010, when his placement was prematurely terminated. Murtagh filed suit against the Defendants on May 11, 2012. On September 23, 2013, the Court entered an order dismissing the Plaintiff's claims for breach of contract, tortious interference with prospective economic advantage, false light, enforcement of rights of a third-party beneficiary, and wrongful discharge and retaliation against a whistleblower, but preserving the Plaintiff's claims for defamation and violation of a Maine employee

notice statute, 26 M.R.S.A. § 630. This order was followed by the Plaintiff's motion to file a second amended complaint (ECF No. 57), and the Court's order granting that motion (ECF No. 62).

The Second Amended Complaint includes the Plaintiff's surviving claims but also resurrects the Plaintiff's tortious interference and false light claims. The Plaintiff's tort claims all arise from the same essential facts: that Defendant Shapiro made false and defamatory statements to hospitals and recruiting firms to frustrate Murtagh's attempts to keep or obtain any further employment. *See* Sec. Am. Compl. ¶ 61. The Plaintiff's statutory claim requires proof that Murtagh is an "employee" of the Hospital, as that term is used in 26 M.R.S.A. § 630.

## DISCUSSION

Under Federal Rule of Civil Procedure 42(b), the Court may order separate trials of issues in a case "for convenience, to avoid prejudice, or to expedite and economize . . . ." In considering bifurcation, the "major consideration . . . must be which procedure is more likely to result in a just and expeditious final disposition of the litigation." 9A Miller, Fed. Prac. & Proc. Civ. § 2388 (3d ed.). The party requesting bifurcation has the burden to show it is warranted. *Thorndike ex rel. Thorndike v. Daimlerchrysler Corp.*, 220 F.R.D. 6, 8 (D. Me. 2004). The decision to grant a motion to bifurcate rests in the Court's discretion. *Id.* (citing *Gonzalez-Marin v. Equitable Life Assurance Society of U.S.,* 845 F.2d 1140, 1145 (1st Cir. 1988) and *Warner v. Rossignol,* 513 F.2d 678, 684 (1st. Cir. 1975)).

The Defendants request that the Court bifurcate this case into two phases, the first dealing with whether the federal Healthcare Quality Improvement Act of 1986, 42 U.S.C. §§11101-11152 (the "**HCQIA**") provides immunity from the Plaintiff's tort claims, and the second dealing with the Plaintiff's statutory claim and with the merits of the Plaintiff's surviving tort claims, if any. The Plaintiff opposes bifurcation on the ground that the HCQIA is inapplicable to this case. The HCQIA's provisions may apply to the Defendants' alleged communications with hospitals regarding the Plaintiff's credentialing.[1] But the same cannot be said for the Defendants' alleged communications with recruiters including Vista, Locum Medical Group, and Alliance Recruiting. Because the recruiters are not "health care entities," and do not determine whether a physician may have clinical privileges, communications with these groups do not appear to come within the scope of the HCQIA. This prevents any clean bifurcation of this case into a first phase dealing solely with HCQIA immunity and a second phase dealing solely with damages. Accordingly, the Court denies the Defendants' motion to bifurcate.

---

[1]      *See* 42 U.S.C. § 11111(a)(2) (protecting anyone "providing information to a professional review body regarding the competence or professional conduct of a physician" from liability for damages "unless such information is false and the person providing it knew that such information was false."); 42 U.S.C. § 11151(11) (defining a "professional review body" as: "a health care entity and the governing body or any committee of a health care entity which conducts professional review activity, and includes any committee of the medical staff of such an entity when assisting the governing body in a professional review activity."); 42 U.S.C. § 11151(10) (defining "professional review activities" to include activities "of a health care entity with respect to an individual physician . . . to determine whether the physician may have clinical privileges"—i.e. credentialing).

## CONCLUSION

For the reasons stated, the Defendant's motion to bifurcate is **DENIED**.

**SO ORDERED**.

/s/ Nancy Torresen
United States District Judge

Dated this 10th day of December, 2013.